Joseph R. Becerra (State Bar No. 210709)
BECERRA LAW FIRM
4014 Long Beach Boulevard, Suite 300
Long Beach, CA 90807
Tel:    (213) 542-8501  Fax: (213) 542-5556
Email:       jbecerra@jrbecerralaw.com

Attorneys for Plaintiff ERIC DIAZ
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DIAZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO. an Ohio Corporation, RALPHS GROCERY COMPANY an Ohio Corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  5:21-cv-1207<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1. **FAILURE TO CORRECTLY PAY MEAL PERIOD AND REST BREAK PREMIUMS AT THE CORRECT REGULAR RATE OF PAY/COMPENSATION (CAL. LAB. CODE §§ 226.7 AND 1198)**<br><br>2. **FAILURE TO PAY ALL WAGES AT TERMINATION (CAL. LAB. CODE §§ 201-203)**<br><br>3. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (CAL. LAB. CODE § 226)**<br><br>4. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE 17200, *ET SEQ*.**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

Plaintiff ERIC DIAZ ("Representative Plaintiff") alleges as follows:

## PARTIES

1. Plaintiff Eric Diaz is an individual who resides in California and was employed by defendants THE KROGER CO. and RALPHS GROCERY COMPANY and DOES 1 to 10 (hereafter collectively referred to as "Defendants" or "Kroger") beginning in 2007 and worked for the Defendants for over a dozen years.

2. Representative Plaintiff is informed and believes, and based on such information and belief, alleges that at all times mentioned herein, that both Defendants were and are corporations organized under the laws of the State of Ohio and authorized to do business and doing business throughout the State of California and throughout the County of Los Angeles.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 to 10 are now, or at all times mentioned in this Complaint were, licensed to do business and/or are actually doing business in the State of California, and that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

4. This is a Class Action Complaint, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of Eric Diaz and all other persons similarly situated who worked for Defendants in California as non-exempt hourly employees for: (i) Failure to pay meal period and/or rest break premiums at the correct regular rate of pay/compensation in violation of Labor Code sections 226.7 and 1198; (ii) failure to pay all, at the correct premium, wages that are due at termination in violation of Labor Code sections 201-203; (iii) failure to provide accurate wage

1.
**CLASS ACTION COMPLAINT FOR DAMAGES:**

statements in violation of Labor Code section 226; and (iv) unlawful business practices in violation of Bus. & Prof. Code section 17200 *et seq*.

5. For at least four (4) years prior to the filing of this action and through to the present, Defendants have had a consistent policy of failing to pay any of their California non-exempt employees who worked in, or provided services in, grocery stores, warehouses and distribution centers meal period and rest break premiums at the regular rate of pay/compensation, and instead paid meal period and rest break premiums at lower rates of pay, which resulted as an underpayment of the premiums owed to Plaintiff and the other putative Class Members. This also resulted in Defendants' failure to pay its non-exempt California employees all or full premium wages due at termination in violation of Labor Code sections 201-203 and Defendants' failure to provide accurate wage statements in violation of Labor Code section 226 with the correct rate of pay/compensation for the premium wage noted on the wage statement.

6. Representative Plaintiff, on behalf of himself and all Class members, bring this action pursuant to California Labor Code sections 201, 202, 203, 226, 226.7, 512, 558, and 1198, seeking unpaid wages, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs as allowed by law.

7. Representative Plaintiff, on behalf of himself and all putative Class members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to correctly pay meal period and/or rest break premiums under Labor Code section 226.7 at the legal regular rate of pay/compensation, and injuries suffered as a result of the Defendants' failure to pay all wages due at termination.

## VENUE AND JURISDICTION

8. Venue is proper in the Central District of California as Defendants maintain stores, warehouses, distribution centers and transact business, including

2.
**CLASS ACTION COMPLAINT FOR DAMAGES:**

engaging in the transactions giving rise to liability in this district. Plaintiff also is a resident of this district and worked for Defendants in this district.

9. This Court has jurisdiction under the Class Action Fairness Act of 2005, meeting the requirements of minimum diversity and amount in controversy under the Act. Representative Plaintiff is informed and believes, and thereupon alleges that Defendants are incorporated in the state of Ohio while Plaintiff is a California resident, satisfying minimum diversity, and that the damages in this matter exceed the $5,000,000.00 threshold for federal jurisdiction under the Class Action Fairness Act of 2005. Additionally, it is anticipated that the putative Class is in excess of 10,000 individuals who worked in California.

## STATEMENT OF FACTS

10. Representative Plaintiff was hired by Defendants as a warehouse worker in 2007 and worked for the Defendants for over 12 years.

11. During the entire period of his employment with Defendants, Representative Plaintiff was a dedicated and exemplary employee, and performed his duties as a warehouse worker for Defendants in a diligent and thorough manner.

12. During his employment with Defendants, Representative Plaintiff and the other putative Class members were paid premiums for missed, unprovided or legally insufficient meal periods and rest breaks, however these meal period and rest break premiums were paid at Plaintiff and the putative Class members straight time rates of pay, instead of at their regular rate of pay/compensation as required by law. The California Supreme Court has ruled that meal period and rest break premiums must be paid at the regular rate of pay/compensation and not simply the employees straight time rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 2021, S259172). Wherever, Plaintiff and the putative Class members received bonuses, commissions, shift differentials, or any other type of compensation required to be incorporated in the regular rate of pay and were paid a meal period or rest break premium, they were underpaid because those premiums were not paid at the correct regular rate of

pay/compensation.

13. The above-mentioned underpaid meal period and rest break premiums further resulted in the putative Class not being paid all wages due at termination. During at least the last four (4) years the Representative Plaintiff and the other putative Class members have been underpaid for their meal period and rest break premiums and have not been paid all wages at termination. This failure also resulted in Defendants failing to provide Plaintiff and the putative Class members with accurate wage statements showing the correct meal period and rest break premium rates and amounts.

14. A result of the Defendants' above-mentioned policies is that Defendants have failed to correctly pay all meal period and rest break premiums to Representative Plaintiff and the other putative Class members as they were not paid at their regular rate of pay/compensation, and as a result were also not paid all wages due at termination and were not provided with accurate wage statements.

## CLASS ACTION ALLEGATIONS

15. Representative Plaintiff brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16. Representative Plaintiff seeks to represent a Class composed of and defined as follows:

17. **Underpaid Premium Class.** All persons who are employed or have been employed by Defendants in California in any non-exempt position within four (4) years of the filing of the Complaint to the date of certification who received a meal period or rest break premium under Labor Code § 226.7, which was not paid at their regular rate of pay/compensation pursuant to the California Supreme Court decision in *Ferra v. Loews Hollywood Hotel, LLC*, 2021 WL 2965438 (2021).

18. Representative Plaintiff also seeks to represent a Class composed of and defined as follows:

4.
**CLASS ACTION COMPLAINT FOR DAMAGES:**

19. **Termination/Terminated Wages Class.** All persons who worked for the Defendants in California in a non-exempt position who terminated or had their employment terminated within three (3) years of the filing of the Complaint who received a meal period or rest break premium from the Defendants which was not paid at their regular rate of pay/compensation, pursuant to the California Supreme Court decision in *Ferra v. Loews Hollywood Hotel, LLC*, 2021 WL 2965438 (2021).

20. **Wage Statement Class.** All persons who are employed or have been employed by Defendants in California in any non-exempt position within one (1) year of the filing of the Complaint to the date of certification who received an inaccurate wage statement showing a lower meal period and/or rest break premium amount and/or rate than they were legally entitled to, pursuant to the California Supreme Court decision in *Ferra v. Loews Hollywood Hotel, LLC*, 2021 WL 2965438 (2021).

### A. NUMEROSITY

21. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Representative Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, and paid premiums to more than ten thousand non-exempt employees in the State of California during the liability period.

22. Upon information and belief, Representative Plaintiff alleges that the Defendants' employment records will provide information as to the number and location of all members of the Class. Joinder of all members of the proposed Class is not practicable.

### B. COMMONALITY

23. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

    a.    Whether Defendants correctly paid their non-exempt California employees for all meal period and rest break premiums at the regular rate of pay/compensation in accordance with the law;

    b.    Whether Defendants violated Labor Code Sections 201-203 by failing to pay the correct premium wages due and owing at the time of termination of employment of the putative Class members;

    c.    Whether Defendants violated Labor Code section 226(a) by failing to correctly pay meal period and rest break premiums at the regular rate of pay/compensation; and

    d.    Whether members of the Class are entitled to injunctive and/or declaratory relief.

### C. TYPICALITY

24. The claims of the Representative Plaintiff are typical of the claims of the Class. Representative Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged therein and are based on the same legal and remedial theories.

### D. ADEQUACY OF REPRESENTATION

25. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained competent and capable counsel who is experienced with significant experience in complex and class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class members.

/ / /

/ / /

### E. PREDOMINANCE

26. Class certification of the respective classes is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to Class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this action as a class action.

### F. SUPERIORITY OF CLASS ACTION

27. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against large, well-represented entities like Defendants. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful violations of California's state laws. Numerous repetitive individual actions on this discreet legal issue would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issue relating to Defendants' conduct over and over again.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# FIRST CLAIM FOR RELIEF

## (FAILURE TO CORRECTLY PAY MEAL PERIOD AND REST BREAK PREMIUMS AT THE REGULAR RATE OF PAY/COMPENSATION §§226.7, 1198 and the IWC Wage Orders)

### (By Representative Plaintiff Against Defendants The Kroger Co., Ralphs Grocery Company, and Does 1 through 10, inclusive)

28. Representative Plaintiff hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29. Defendants had a consistent policy of failing to correctly pay meal period and rest break premiums to their California non-exempt employees at their regular rate of pay/compensation pursuant to Labor Code § 226.7 and 1198 and the Industrial Workforce Commission Wage Orders. Defendants' uniform policy was to pay all meal period and rest break premiums at the wrong rate of pay that did not incorporate all of the required forms of compensation.

30. In *Ferra v. Loews Hollywood Hotel, LLC*, 2021, S259172 the California Supreme Court held that all meal period and rest break premiums must be paid at the employee's regular rate of pay/compensation which includes bonuses, shift differentials and other non-hourly forms of compensation which must be included in the regular rate of pay/compensation.

31. As a result of the unlawful acts of Defendants, Representative Plaintiff and the putative Class members have been deprived of their full and correct meal period and rest break premiums where their regular rate of pay/compensation was higher than their base rate of pay and the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 226.7 and 1198.

/ / /

/ / /

/ / /

# SECOND CLAIM FOR RELIEF

## (FAILURE TO PAY WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §§ 201-203)

**(By Representative Plaintiff Against Defendants The Kroger Co., Ralphs Grocery Company, and Does 1 through 10, inclusive)**

32. Representative Plaintiff hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

33. California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

34. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either Sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 workdays.

35. Defendants willfully failed and refused to timely pay all full and correct wages to Representative Plaintiff and the putative Class members whose employment terminated within the last three (3) years. As a result, Defendants are liable to Representative Plaintiff and the putative Class members for waiting time penalties, together with costs, under Labor Code section 203.

36. As a result of Defendants' unlawful conduct, Representative Plaintiff and the putative Class members have suffered damages in an amount, subject to proof, to the extent they were not paid all wages due each pay period. The precise amount of unpaid or underpaid wages is not presently known to Representative Plaintiff but can be determined directly from Defendants' records or indirectly based on information from Defendants' records.

/ / /

/ / /

/ / /

**CLASS ACTION COMPLAINT FOR DAMAGES:**

# THIRD CLAIM FOR RELIEF

## (FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226.)

**(By Representative Plaintiff Against Defendants The Kroger Co., Ralphs Grocery Company, and Does 1 through 10, inclusive)**

37. Representative Plaintiff hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

38. California Labor Code § 226 requires employers to furnish their employees with accurate itemized wage statements at the time of payment of wages showing: (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 226(a).

39. Defendants knowingly and intentionally provided wage statements which failed to correctly display the correct rates and/or amounts of premium wages paid to its non-exempt California employees who received meal period and/or rest break premiums at a rate lower than their regular rate of pay/compensation, pursuant to the California Supreme Court decision in *Ferra v. Loews Hollywood Hotel, LLC*, 2021, S259172.

40. As a proximate result of Defendants' conduct as alleged herein, Plaintiff and the Class members, herein seek penalties pursuant to California Labor Code § 226(e) for each violation by Defendants of California Labor Code § 226(a).

///

41. Plaintiff and the Class members further seek all available remedies including, but not limited to, any and all wages due, actual damages, monies, interest, attorneys' fees, costs and preliminary and permanent injunctive relief pursuant to California Labor Code § 226.

## FOURTH CLAIM FOR RELIEF

### (UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ*.)

### (By Representative Plaintiff Against Defendants The Kroger Co., Ralphs Grocery Company, and Does 1 through 10, inclusive)

42. Representative Plaintiff hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

43. Defendants' failure to correctly calculate and pay meal period and rest break premiums and resulting failure to pay all wages due at termination as alleged herein constitutes unlawful activity prohibited by Business and Professions Code section 17200, *et seq.*, including but not limited to Sections 17200, 17202, and 17203.

44. The actions of Defendants in failing to pay Representative Plaintiff and the putative Class members in a lawful manner as alleged herein constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq*.

45. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Representative Plaintiff and the putative Class members. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Representative Plaintiff and putative Class members the wrongfully withheld wages pursuant to Business and Professions Code section 17203. Representative Plaintiff is informed and believes, and thereon alleges that Defendants are unjustly enriched through their failure to correctly calculate and pay for all premium wages.

46. Representative Plaintiff is informed and believes, and thereon alleges, that he and the putative Class members are prejudiced by Defendants' unfair practices.

47. As a direct and proximate result of the unfair business practices of Defendants, Representative Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages, which have been unlawfully withheld from Representative Plaintiff and the putative Class members, as a result of the business acts and practices described therein and enjoin Defendants to cease and desist from engaging in the practices described therein.

48. The illegal conduct alleged herein is believed to be continuing, and there is no indication that Defendants will not continue such activity into the future. Representative Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this complaint, they will continue to fail to pay the correct wages owed, as described herein to their employees.

## PRAYER FOR RELIEF

THEREFORE, Representative Plaintiff prays for judgment against Defendants The Kroger Co., Ralphs Grocery Company, and Does 1 through 10, and each of them, as follows:

1. For an order that the action be certified as a class action pursuant to Federal Rule of Civil Procedure 23;

2. An order that Plaintiff be appointed class representative;

3. An order that counsel for Plaintiff be appointed class counsel;

4. For all recoveries available under the laws of the State of California, including:

    a. For compensatory damages in a sum according to proof;

    b. For wages pursuant to the California Labor Code;

    c. For damages and/or penalties, an award of costs and reasonable attorney's fees pursuant to the California Labor Code and Business and

Professions Code § 17200 *et seq.*;

  d. For penalties pursuant to the California Labor Code;

  e. That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200, *et seq.*;

  f. That Defendants be ordered and enjoined to make restitution to Representative Plaintiff due to their unfair competition, pursuant to California Business and Professions Code sections 17203 and 17204;

  g. That Defendants further be enjoined to cease and desist from unfair competition in violation of California Business and Professions Code section 17200, *et seq.*;

  h. For prejudgment interest pursuant to California Civil Code section 3287 and/or section 3288;

  i. For attorneys' fees, interests and costs of suit pursuant to the Labor Code, Code of Civil Procedure section 1021.5; and Business and Professions Code § 17200 *et seq.*

  j. For such other and further relief as the Court deems just and proper.

Dated: July 20, 2021

            BECERRA LAW FIRM
            JOSEPH R. BECERRA

            By: /s/ Joseph R. Becerra
               Joseph R. Becerra

            Attorneys for Plaintiff ERIC DIAZ on behalf of himself and all others similarly situated

13.
**CLASS ACTION COMPLAINT FOR DAMAGES:**

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed class have a right to a jury trial.

Dated: July 20, 2021

BECERRA LAW FIRM
JOSEPH R. BECERRA

By: /s/ Joseph R. Becerra
　　　Joseph R. Becerra

Attorneys for Plaintiff ERIC DIAZ on behalf of himself and all others similarly situated